UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

FENG JIANG,
    also known as "Jeff,"

              Defendant.

- - - - - - - - - - - - - - - -X

AMENDED PRELIMINARY ORDER
OF FORFEITURE

24-CR-264 (ARR)

        WHEREAS, on or about January 10, 2025, Feng Jiang, also known as "Jeff" (the "defendant"), entered a plea of guilty to the offense charged in Count Three of the above-captioned Indictment, charging a violation of 18 U.S.C. § 1956(h); and

        WHEREAS, on or about March 12, 2025, the Court entered a Preliminary Order of Forfeiture ("Preliminary Order") against the defendant pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, which ordered the entry of a forfeiture money judgment in the amount of two million dollars and zero cents ($2,000,000.00) (the "Forfeiture Money Judgment"), and ordered that all right, title and interest in the following:

    a.    any and all funds on deposit in JPMorgan Chase account number 573697698, held in the name of HSJD Management Inc. (the "JPMC 7698 Account"), and all proceeds traceable thereto;

    b.    any and all funds on deposit in Webull account 5NJ-17624-10 RR WEA, held in the name of Feng Jiang (the "Webull 10RR Account"), all proceeds traceable thereto; and

    c.    the real property and premises located at 316 North 6th Street, Prospect Park, New Jersey 07508, Block 50, Lot 41, title to which is held in the name of Silver Care Services LLC, together with its appurtenances, improvements, fixtures, easements, furnishings, and attachments thereon, as well as all leases, rents,

and profits therefrom, and all proceeds traceable thereto (the "Prospect Park Property");

(collectively, the POF Assets"), are forfeitable to the United States, pursuant to 18 U.S.C. §§ 982(a)(1) and 982(b)(1), and 21 U.S.C. § 853(p), (ECF No. 26);

WHEREAS, pursuant to 18 U.S.C. § 982(a)(1), the defendant has consented to the forfeiture of all right, title, and interest in any and all funds on deposit in Fidelity Investments account number Z26873122, held in the name of Silver Care Services LLC and all proceeds traceable thereto (the "Fidelity 3122 Account"), in addition to the POF Assets, as any property, real or personal, involved in the defendant's violation of 18 U.S.C. § 1956(h), or any property traceable to such property, and/or substitute assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1); and

WHEREAS, the defendant and the United States move the Court to amend the Preliminary Order to add the forfeiture of the Fidelity 3122 Account.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. Pursuant 18 U.S.C. §§ 982(a)(1) and 982(b)(1), and 21 U.S.C. § 853(p), the defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment and all right, title, and interest in the Fidelity 3122 Account and the POF Assets. The forfeiture of the JPMC 7698 Account and the Webull 10RR Account shall be credited towards the Forfeiture Money Judgment; the forfeiture of 33% of the Prospect Park Property shall be credited towards the Forfeiture Money Judgment; and the forfeiture of 50% of the Fidelity 3122 Account shall be credited towards the Forfeiture Money Judgment.

2. All payments made towards the Forfeiture Money Judgment shall be made by a money order, or certified and/or official bank check, payable to the U.S. Marshals Service with the criminal docket number noted on the face of the instrument. The defendant shall cause said payment(s) to be sent by overnight mail delivery to the Asset Recovery Section, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201. The Forfeiture Money Judgment shall be paid in full on or before the date of sentencing (the "Due Date").

3. JP Morgan Chase Bank is directed to remit any and all funds on deposit in above-listed asset (a), specifically, the JPMC 7698 Account, to the Federal Bureau of Investigation ("FBI") pursuant to instructions to be provided by agents of the FBI.

4. Webull is directed to remit any and all funds on deposit in above-listed asset (b), specifically, the Webull 10RR Account, to the FBI pursuant to instructions to be provided by agents of the FBI.

5. Upon entry of this Amended Preliminary Order of Forfeiture ("Amended Preliminary Order"), the United States Attorney General or her designee is authorized to seize the Fidelity 3122 Account and the POF Assets, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third-party rights, including giving notice of this Amended Preliminary Order.

6. The United States shall publish notice of this Amended Preliminary Order in accordance with the custom and practice in this district on the government website www.forfeiture.gov, of its intent to dispose of the Fidelity 3122 Account and the POF Assets in such a manner as the Attorney General or her designee may direct. The United States

may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Fidelity 3122 Account and the POF Assets as a substitute for published notice as to those persons so notified.

7. Any person, other than the defendant, asserting a legal interest in the Fidelity 3122 Account and the POF Assets may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Fidelity 3122 Account and the POF Assets, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to the notice of forfeiture of the Fidelity 3122 Account and the POF Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

8. The defendant shall not file or interpose any claim or petition seeking remission or contesting the forfeiture of the Fidelity 3122 Account and the POF Assets or any property against which the United States seeks to enforce the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding. The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Fidelity 3122 Account and the POF Assets and the payment of the Forfeiture Money Judgment to the United States. The defendant shall take whatever steps are necessary to ensure that clear title to the Fidelity 3122 Account and the POF Assets passes to the United States, including, but

not limited to, the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Fidelity 3122 Account and the POF Assets to the United States. Further, if any third party files a claim to the Fidelity 3122 Account and the POF Assets, the defendant will assist the government in defending such claims. If the Fidelity 3122 Account and the POF Assets or Forfeiture Money Judgment, or any portion thereof, are not forfeited to the United States, the United States may seek to enforce this Amended Preliminary Order against any other assets of the defendant up to the value of the Fidelity 3122 Account and the POF Assets, and the outstanding balance of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1). The defendant further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

9. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information or administrative notice. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

10. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Amended Preliminary Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Amended Preliminary Order,

together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

11. The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction. The United States alone shall hold title to the Fidelity 3122 Account and the POF Assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

12. The forfeiture of the Fidelity 3122 Account and the POF Assets and entry and payment of the Forfeiture Money Judgment shall not be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

13. This Amended Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

14. This Amended Preliminary Order shall be binding only upon the Court's "so ordering" of the order.

15. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Amended Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

16. The Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this executed Order to the United States Attorney's Office, Eastern

District of New York, Attn: Nicole Brown, ProMinds Paralegal, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
_____Sept. 22_____, 2025

SO ORDERED:

_____
/s/(ARR)
HONORABLE ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK